**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re the matter of:<br><br>Betty H Blanda,<br><br>Betty Blanda, by and through her attorney in-fact, Leslie Blanda,<br><br>        Plaintiff,<br><br>v.<br><br>Thomas J Cisar, et al.,<br><br>        Defendants. | No. CV-21-01185-PHX-JAT<br><br>**ORDER** |

    This case was removed to this Court from the Maricopa County Probate Court on July 8, 2021. The notice of removal contains several pleading defects in the jurisdictional allegations. *See Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003) ("inquiring whether the court has jurisdiction is a federal judge's first duty in every case").

    First, for the citizenship of Betty Blanda, the notice of removal states that in the petition filed in the probate court, Betty Blanda alleges she is a resident of Arizona. (Doc. 1 at 3). The first issue with this allegation is that it is the removing Defendant who must affirmatively allege citizenship; thus, the removing Defendant must, if he can in good faith, allege Betty Blanda's citizenship. *See Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014). The second issue with this allegation is that jurisdiction

must be alleged in terms of "citizenship" not "residency". *See Kanter v. Warner-Lambert*, 265 F.3d 853, 857-858 (9th Cir. 2001). Thus, Betty Blanda's residence is irrelevant. Accordingly, the removing Defendant has failed to allege citizenship for Betty Blanda.

Second, the notice of removal fails to allege the citizenship of Leslie Blanda. Nor does the notice of removal offer any legal basis why the citizenship of Leslie Blanda should be disregarded for purposes of diversity jurisdiction. *See generally Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that a Trust takes on the citizenship of its Trustees).

Third, with respect to the Defendants, the notice of removal alleges the "citizenship" of only the corporate Defendant. For each of the four individual Defendants, the notice of removal alleges where such person is a "domiciliary." (Doc. 1 at 3). The Court is unclear if "domiciliary" is meant to be synonymous with "citizenship" or if the notice of removal is silent on the citizenship of these Defendants. *See Kanter*, 265 F.3d at 857-858.

Fourth, as of the probate court's order of May 6, 2020, it is clear that Plaintiff and some Defendants herein were already engaged in on-going litigation against each other. (Doc. 1-13 at 13) (the Court sanctioning Defendant Thomas J. Cisar, Esq. for his inadequate discovery responses). However, although the probate court case number indicates that this case has been pending since 2019, this Court does not have the complete record of this case dating back to 2019 because Defendants did not attach it to the notice of removal. In an action premised on diversity, a notice of removal must be filed within one year of when the case is first filed, and any amendments to the complaint after one year that add new parties or claims, generally, do not extend this one-year deadline to remove. *See Lopez v. Robinson Aviation (RVA), Inc.*, No. 10-60241-CIV, 2010 WL 3584446, at *4 (S.D. Fla. Apr. 21, 2010) ("…the great weight of the case law overwhelmingly supports this Court's conclusion that "commencement of the action" under § 1446(b) occurs when the original complaint is filed and that the addition of a new party or claim does not reset the one-year limitation period."). As indicated above, this "action" appears to have commenced in 2019 and appears to be outside this one-year limitation for removal.

Alternatively, the "petition" within the probate case that seems to have started the litigation between these particular parties appears to have been filed in March 2020. Even using this later date, this "action" commenced more than one year prior to removal.

Fifth, the Court notes that because the "Amended Petition" is a petition in probate court, it is not styled as a complaint, nor was it given a new case number in state court. Because it was not styled as a complaint, the caption says "In the matter of Betty Blanda"; it does not name particular defendants. Nonetheless, the Amended Petition is clear that it brings a claim against (among other Defendants) Thomas J. Cisar. (Doc. 1-5 at 2). The Amended Petition further alleges "Thomas J. Cisar maintains a home in Maricopa County, Arizona which is reported in the public records as his primary residence. He also actively practices law in Arizona, serves in a fiduciary capacity before the Arizona courts, and serves as a Trustee in various capacities." (Doc. 1-5 at 3). Yet, the notice of removal states, "[a]t the time Petitioner filed her original Petition in March of 2020, Defendants Thomas Cisar and Margaret Cisar were Illinois domiciliaries." (Doc. 1 at 3). The notice of removal makes no argument as to why this Court should evaluate the citizenship of these particular Defendants as of March 2020, but seemingly as of 2021 for all other parties. Moreover, the notice of removal (implicitly) argues that the date of the Amended Petition (June 17, 2021) controls removal. The notice of removal fails to address why the date of the original Petition, or the date of the Amended Petition would be the relevant date to look at the citizenship of the parties for purposes of diversity jurisdiction, rather than the date of removal.

Sixth, assuming Mr. Cisar was a resident of Arizona at the time of removal, a resident defendant cannot remove to federal court. 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). While this Court cannot sua sponte remand based on this, or any other procedural defect in removal, Plaintiff may file a timely motion to remand on this (or any other) basis. *See Kelton Arms*

*Condominium Owners, Ass'n, Inc. v. Homestead Insurance Co.*, 346 F.3d 1190, 1191 (9th Cir. 2003).

Seventh, even when diversity jurisdiction is properly alleged before this Court, the probate exception precludes this Court from accepting jurisdiction in certain circumstances. *See Goncalves By & Through Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1251–53 (9th Cir. 2017). Specifically, the Ninth Circuit Court of Appeals, post-*Marshall*, has given the following guidance on the scope of the probate exception:

> "It is clear after *Marshall* that unless a federal court is endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court, the probate exception does not apply." *Three Keys Ltd. v. SR Util. Holding Co.*, 540 F.3d 220, 227 (3d Cir. 2008); *accord Chevalier v. Estate of Barnhart*, 803 F.3d 789, 801 (6th Cir. 2015); *Lee Graham Shopping Ctr., LLC v. Estate of Kirsch*, 777 F.3d 678, 680–81 (4th Cir. 2015); *Curtis v. Brunsting*, 704 F.3d 406, 409 (5th Cir. 2013); *see also Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 106–07 (2d Cir. 2007) ("Following *Marshall* we must now hold that so long as a plaintiff is not seeking to have the federal court administer a probate matter or exercise control over a res in the custody of a state court, if jurisdiction otherwise lies, then the federal court may, indeed must, exercise it."). It is not clear that the Supreme Court's test in *Marshall v. Marshall* and our multi-step, multi-factor test in *In re Marshall* are "clearly irreconcilable," *Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003) (en banc), but *Marshall* surely represents a restatement and a refinement of the test we had previously followed. We need not go so far as to announce that *Marshall* overruled the prior test, but we will accept the reformulation adopted by the other circuits as a refinement. *See Lefkowitz*, 528 F.3d at 106 (recognizing that *Moser*'s test was "overly-broad and has now been superseded by *Marshall*'s limitation of the exception").
> In sum, the probate exception prevents a federal court from probating a will, administering a decedent's estate, or disposing of property in the custody of a state probate court.

*Id.*

Here, the notice of removal states, "On June 17, 2021, Plaintiff filed an Amended Petition. Unlike the original Petition, the Amended Petition states no viable probate proceeding." (Doc. 1 at 2). However, this Court's cursory review of the record reveals that this whole case falls under the umbrella of the probate court administering a Trust as part of Betty Blanda's deceased husband's estate. This Court's review must be cursory because, as indicated above, although this case has been pending since 2019, the first document of record attached to the notice of removal is dated March 6, 2020. (Doc. 1-5 at

2). Thus, it is clear that this Court does not have the "full" record.

Nonetheless, based on the record before the Court, it appears that this entire matter involves the administration of the will, trust and/or estate of Betty Blanda's deceased husband. Thus, it would appear that each of the three circumstances that would cause the probate exception to federal subject matter jurisdiction to apply are present in this case.

Based on the foregoing,

**IT IS ORDERED** that the removing Defendant must file a supplement to the notice of removal within 14 days addressing *each* jurisdictional issue identified herein. If no supplement is filed within this deadline, this case will be remanded for all non-procedural reasons identified herein.

**IT IS FURTHER ORDERED** that this Order is without prejudice to Plaintiff filing a timely motion to remand on any/all of the bases discussed in this Order or for any other reason Plaintiff deems appropriate. Any to-be-filed motion to remand shall be considered to be Plaintiff's response to the supplement to the notice of removal required herein.

**IT IS FURTHER ORDERED** that Defendants admit that the Amended Petition was filed on June 17, 2021; thus, because Defendants have chosen to treat the Amended Petition as the "operative complaint," the answer or other response to this "document" is due within 7 days of removal. *See* Fed. R. Civ. P. 81(c)(2).

**IT IS FURTHER ORDERED** that on this record, the Court cannot locate any evidence that Defendant Robert Mrofka has appeared. Within 14 days, Plaintiff shall file a status report regarding service on Defendant Robert Mrofka, and if appropriate, Plaintiff shall move for entry of default. *See* Fed. R. Civ. P. 55(a).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**IT IS FURTHER ORDERED** that this Court has reviewed the state court's denial of a motion to dismiss premised on personal jurisdiction and forum non conveniens (Doc. 1-8 at 9-12); the Court considers the state court's order to be the law of the case. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters Local 70*, 415 U.S. 423, 436 (1974).

Dated this 12th day of July, 2021.

James A. Teilborg
Senior United States District Judge