**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Betty H Blanda, et al., | No. CV-21-01185-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Thomas J Cisar, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' motion to remand to the Maricopa County Superior Court, specifically Probate Court. (Doc. 12). Contained within the Motion to Remand is a request for attorney fees. (Doc. 12 at 15). The Court now rules.

## I.     INTRODUCTION

Betty Blanda, an Arizona citizen, initiated this action in Maricopa County Probate Court to remove co-defendant Thomas Cisar from the fiduciary position that he had as co-trustee over the residuary trust for the George F. Blanda estate. (Doc. 12 at 3). During litigation, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441(a). (Doc. 1).

On July 12, 2021, this Court issued an Order asking the defendants to address the jurisdictional issues identified in the notice of removal. (Doc. 4). Defendants filed a supplemental brief to address the issues. (Doc. 9). Plaintiff opposes removal and has filed the instant motion, seeking remand to state court. (Doc. 12). Defendants have filed a response to the motion to remand. (Doc. 14). Defendant William Cisar has also filed a

Motion to Dismiss for Lack of Jurisdiction. (Doc. 6). Finally, Plaintiffs filed a Request to Extend Service Deadline. (Doc. 16). For the reasons stated below, the Court will grant the motion to remand. Because the Court does not have jurisdiction over this action, it cannot decide Defendant's Motion to Dismiss or Plaintiffs' Motion for Extension of Time Request.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by [the] Constitution and statute." *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994). Pursuant to 28 U.S.C. § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Removal of a case from state to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Courts strictly construe the removal statute against removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)). Thus, a defendant's burden when removing under §1332 is to show that there is complete diversity and that the amount in controversy exceeds $75,000.

For the Court to have diversity jurisdiction, the citizenship of each plaintiff must be "diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). To establish citizenship, a party must be "domiciled" in that state. *See,*

*e.g.*, *Gilbert v. David*, 235 U.S. 561, 569 (1915); *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "[A] person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely.'" *Lew*, 797 F.2d at 749–50 (quoting *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940)). Accordingly, "domicile includes a subjective as well as an objective component, although the subjective component may be established by objective factors." *Gaudin v. Remis*, 379 F.3d 631, 637 (9th Cir. 2004). Relevant factors include current residence, voting registration, location of property, location of bank accounts, location of spouse and family, place of employment, driver's license, and payment of taxes. *Lew*, 797 F.2d at 750.

### III. ANALYSIS

Plaintiff presents several arguments for why removal was improper: (1) complete diversity did not exist; (2) removal was untimely; (3) the probate exception prohibits jurisdiction; (4) abstention under the *Colorado River* doctrine; and (5) procedural defects with the notice of removal. (Doc. 12). Because the Court finds that complete diversity did not exist at removal, the Court does not reach Plaintiffs' other arguments.

#### A. Complete diversity did not exist when the action was removed

Plaintiffs argue that removal is improper because complete diversity does not exist between Plaintiffs and Defendants. (Doc. 12 at 7–10). Plaintiffs contend that Betty Blanda is an Arizona citizen and that two Defendants, Margaret and Thomas Cisar, are also Arizona citizens. (*Id.*).

In response, Defendants argue that each defendant was a citizen of Illinois at relevant times in the case. (Doc. 9 at 2). Notably, Defendants have adopted a bifurcated approach in determining citizenship between the date of the initial filing in May 2020 and the filing of the First Amended Petition in June 2021. (Doc. 9 at 4). They contend that while diversity jurisdiction depends on the "state of things" when the initial complaint or petition is filed, *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 574–75 (2004), defendants that are added later to the case have their citizenship measured at the

at the time of their addition. (Doc. 9 at 4); *see Lewis v. Lewis*, 358 F.2d 495, 502 (9th Cir. 1966); *Drevaleva v. Alameda Health Sys.*, No. 16-cv-07414-LB, 2017 U.S. Dist. LEXIS 87601 (N.D. Cal. June 7, 2017). Thus, Defendants assert that the Margaret and Thomas' citizenship should be taken in May 2020, while Defendants William Cisar and Robert Mrofka should have theirs measured in June 2021. (Doc. 9 at 4).

Defendants err in adopting this approach. Neither *Lewis* nor *Drevaleva* involved actions removed from state to federal court. In *Lewis*, the plaintiff brought the case under federal diversity jurisdiction and subsequently amended the complaint to add defendants. *Lewis*, 358 F.2d at 499. While complete diversity existed at the time the original action was filed, it did not exist at the amended complaint. The court looked at the citizenship of the defendants at the time they were brought into the action to determine diversity. *Id.* at 502 ("Plaintiff's change of citizenship did not oust the district court of diversity jurisdiction insofar as the claims asserted against the personal defendants are concerned. But since no action was stated against the newly-joined corporate defendants until plaintiff changed his state citizenship, no diversity jurisdiction has ever existed as to those defendants.") (citation omitted). Similarly, in *Drevaleva*, the court adopted a bifurcated approach where a plaintiff moved to a different state during the suit to establish diversity between all parties. *Drevaleva*, 2017 U.S. Dist. LEXIS 87601, at *12–13 (citing *Lewis*). Thus, neither case supports that this approach should apply in removal cases.

The proper test to determine diversity is to look at the parties' citizenship at the time of removal. "[W]hen an action is removed on the basis of diversity, the requisite diversity must exist at the time the action is removed to federal court." *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985). The *Miller* panel justified such approach by finding that it "parallels the rule in federal question cases where a federal question must exist at the time the petition for removal is filed." *Id.* This approach has been followed by other courts in this district. *Rogers v. Gosney*, No. CV-16-08154-PCT-GMS, 2016 U.S. Dist. LEXIS 125651, at *3 (D. Ariz. Sep. 14, 2016). ("In an action removed based on

- 4 -

diversity jurisdiction, the requisite diversity must exist at the time of removal."); *Blue v. Vore*, No. CV-12-1118-PHX-DGC, 2012 U.S. Dist. LEXIS 77472, at *3 (D. Ariz. June 5, 2012) ("[A]nd the requisite diversity must exist at the time the action is removed to federal court.").

Accordingly, this Court will look at the citizenship of the parties on July 8, 2021—the date Defendants filed the notice of removal—to determine whether diversity existed. In their removal petition, Defendants did not allege the citizenship of all parties on July 8, 2021. They also failed to allege it in their supplement to the notice of removal (Doc. 9) or in their response to the motion to remand (Doc. 14). Defendants have not met their burden of proving that the Court has diversity jurisdiction at the time this action was removed.

In the interest of thoroughness, the Court has looked at the provided exhibits to determine the citizenship of the parties on July 8, 2021. It is uncontested that Plaintiff Betty Blanda was a citizen of Arizona at the time of removal. (Doc. 9 at 1). The evidence also shows that Defendants Thomas and Margaret Cisar were citizens of Arizona at the time of removal on July 8, 2021.

Thomas and Margaret lived in Arizona and have been living here since the beginning of the pandemic. (Doc. 1-8 at 12). Their home in Arizona has been designated as their primary residence since at least 2018. (Doc. 12-2 at 3).[1] In order to designate their property as a primary residence, the Cisars would had to have shown a driver's license, a voter registration card, or a copy of a portion of the last income return. A.R.S. § 42-12053. This further evinces that they are citizens of Arizona.

Thomas and Margaret also severed their ties from Illinois. In January 2021, they

---

[1] Defendants argue that their "Arizona home was claimed as their 'primary residence' in the real estate closing documents merely for tax purposes." (Doc. 9 at 4). In *Hall v. Eades*, the district court found that the primary residence designation alone is not sufficient to support the finding of citizenship. *Hall v. Eads*, No. CV-16-03855-PHX-JJT, 2017 U.S. Dist. LEXIS 14701, at *5 (D. Ariz. Feb. 2, 2017). But here, there is additional evidence supporting that defendants were citizens of Arizona. Moreover, the *Hall* court highlighted that "some legal consequences may flow" from a false statement "when a residence is not properly classified." *Id.*

1  sold their home in Illinois. (Doc. 14-2 at 1). Additionally, Thomas gave up his practice of
2  law in Illinois. (Doc. 15-1 at 6) ("I had, up until recently, a gainfully employed
3  husband."). There is no evidence that Defendants lived in Illinois or planned to return to
4  Illinois at the time the notice of removal was filed.

Defendants have failed to carry their burden of showing this Court has subject matter jurisdiction under 28 U.S.C. § 1331(a)(1) as complete diversity does not exist. The Court will therefore grant the Motion to Remand. (Doc. 12). As the Court lacks jurisdiction over this case, it cannot decide Defendant's Motion to Dismiss. Additionally, Plaintiffs' Motion for Extension of Time will remain pending before the state court after remand.

### IV.   ATTORNEY'S FEES

Plaintiffs seek attorney fees under 28 U.S.C. § 1447(c). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Awarding fees is to deter removals sought to prolong litigation. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). Generally, "[a]bsent unusual circumstances, attorney's fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal. Conversely, where no objectively reasonable basis exists, fees should be awarded." *Id.* at 141. Courts in the Ninth Circuit have determined that the removing party lacks an objectively reasonable basis for removal when the relevant case law clearly forecloses removal. *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066–67 (9th Cir. 2008) (citing *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793–94 (7th Cir. 2007)); *see also Wolf v. Kennelly*, 574 F.3d 406, 412 (7th Cir. 2009) ("[I]f clearly established law [does] not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees.") (internal citations omitted).

Here, Defendants removed this case based on diversity jurisdiction when there was not complete diversity of the parties. Further, Defendants have offered no persuasive legal or factual argument that Defendants Thomas and Margaret were not Arizona

residents at the time of removal. Finally, the Maricopa County Superior Court Judge in this case had already reached the conclusion that Thomas and Margaret were Arizona citizens. (Doc. 1-8 at 11 (finding that Thomas and Margaret's designation of the Arizona residence as their primary residence as "a quite obvious admission of domicile").  This holding of the Superior Court was the law of the case and any argument to the contrary in the same case is merely an unpersuasive motion for reconsideration.  For all of these reasons, there was no objectively reasonable basis for removal and attorney's fees are therefore justified.

### V. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion to Remand to the Maricopa County Superior Court (Doc. 12) is GRANTED. The Clerk of the Court shall remand this action to Maricopa County Superior Court, Probate Court.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (Doc. 6) remains pending before the Probate Court.

**IT IS FURTHER ORDERED** that the Motion for Extension of Time (Doc. 16) remains pending before the Probate Court.

**IT IS FURTHER ORDERED** that Plaintiffs' request for attorney's fees (part of Doc. 12) is GRANTED. Plaintiffs shall file a motion for attorney's fees that complies with Local Rule Civil 54.2 within 14 days of this Order.

Dated this 21st day of September, 2021.

James A. Teilborg
Senior United States District Judge